[No. C. D. 426.  *En Banc.*  December 15, 1961.]

*In the Matter of the Disciplinary Proceeding Against* EDSON M. CASE, *an Attorney at Law.*\*

*T. M. Royce,* for Board of Governors.

\*Reported in 367 P. (2d) 121.

OTT, J.—The Board of Governors of the Washington State Bar Association recommends that Edson M. Case, a member of the bar association, be suspended from the practice of law for a period of six months.

Mr. Case pleaded *nolo contendere* in the United States District Court to two counts of failing to file an income tax return for the years 1954 and 1955, in violation of the Internal Revenue Code. He was fined, and imprisoned for four months. Thereafter, this disciplinary proceeding was commenced.

The amended complaint alleged two grounds for suspension: (1) The conviction, as above indicated, and, in addition, that Mr. Case had failed to make returns for the years 1949, 1950, 1952, and 1953, which acts were violative of Rule for Discipline of Attorneys 10(1)(6)(11) then in effect, and (2) that, February 11, 1957, he was reprimanded for unprofessional conduct in the administration of an estate.

Mr. Case answered, admitting the factual substance of the amended complaint. He denied that subdivisions 1, 6, and 11 of Rule for Discipline of Attorneys 10 were violated, alleging that the federal charge was only a misdemeanor and did not involve moral turpitude or a violation of the Canons of Professional Ethics and, further, that the conduct complained of was due to inattention and was without willful intent, and prayed that the proceeding be dismissed.

At the hearing before the trial committee, Mr. Case appeared *pro se*. Thereafter, findings of fact and conclusions were entered by the trial committee which provided, *inter alia*:

"The Committee disbelieves and does not find that respondent simply forgot to pay his taxes for the years 1949 to 1954, inclusive. The Committee does not believe and does not find that the press of his business during this time was such as to cause him to overlook and forget his obligation in respect thereto.

"From the foregoing Findings of Fact, the Trial Committee does now make and enter the following as its,

"CONCLUSIONS

"1. Respondent's explanation of his failure to file income tax returns is incredible. . . .

"6. That the acts of the respondent were inimical to the honor and dignity of the profession and were violative of his oath to uphold the honor and dignity of the profession.

"RECOMMENDATION

"That respondent be suspended from the practice of law for a period of thirty (30) days."

The record of the trial proceedings was transmitted to the Board of Governors of the Washington State Bar Association, as provided by Rule for Discipline of Attorneys 43 (now Rule 8(D)).

The board adopted the trial committee's findings of fact, but unanimously recommended that Mr. Case be suspended from the practice of law for a period of six months.

The cause was heard before this court, sitting *en banc*. Mr. Case did not appear or file a brief.

Rule for Discipline of Attorneys 10 (now Rule 1) provided in part:

"An attorney or counselor may be reprimanded, suspended or disbarred for any of the following causes:

" (1) His conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction shall be conclusive evidence. . . .

" (6) For the commission of any act involving moral turpitude, *dishonesty,* or corruption, *whether same be committed in the course of his relations as an attorney or counselor at law, or otherwise,* and whether the same constitute a felony or misdemeanor or not; and if the act constitute a felony or misdemeanor, conviction thereof in a criminal proceeding shall not be a condition precedent to disbarment or suspension from practice therefor. . . .

" (11) *Violation of the ethics of the profession.* The Code of Ethics adopted by the Supreme Court of the State of Washington shall be the standard of ethics for the members of the bar of this state." (Italics ours.)

Canon of Professional Ethics 29 provides in part:

" . . . He [the lawyer] should strive at all times to uphold the honor and to maintain the dignity of the profession and to improve not only the law but the administration of justice."

Canon of Professional Ethics 32 provides, *inter alia:*

" . . . He must also observe . . . the statute law, . . ."

The record before us sustains the trial committee's findings of fact. We are concerned with whether the offense merits a suspension and, if so, the term.

The practice of law in this state is a privilege, conditioned upon the observance and performance of specific professional standards. The conditions are known to each practitioner and are found in the Rules for Admission to Practice the profession, the disciplinary rules, the Canons of Professional Ethics, the statutes, and the oath. When a practitioner knowingly violates the conditions of the privilege to practice the profession, the privilege may be rescinded or suspended, or he may be subject only to reprimand. Disciplinary proceedings which establish violation of the conditions are not prosecuted primarily to punish the offender, but to curb disrespect for the profession, to maintain its honor and dignity, and to assure those who seek the services of an attorney that conduct of dishonesty and lawlessness will not be tolerated.

Mr. Case knowingly violated the conditions upon which his privilege to practice law was granted.

We adopt the recommendation of the Board of Governors, and Edson M. Case is hereby suspended from the practice of law for a period of six months, to begin sixty days from the date when this opinion is filed.

FINLEY, C. J., MALLERY, HILL, DONWORTH, WEAVER, FOSTER, and HUNTER, JJ., concur.

ROSELLINI, J., did not participate.