[No. C.D. 7398.  En Banc.  June 2, 1983.]

*In the Matter of the Disciplinary Proceeding
Against* DEL H. CLARK, *an
Attorney at Law.*

*Robert T. Farrell,* for Bar Association.

DIMMICK, J.—In this disciplinary action we determine the proper sanction for an attorney's failure to cooperate with the Washington State Bar Association during the investigation of a complaint, when such misconduct is the sole basis for disciplinary action. In view of all the circumstances of this case, including the seriousness and frequency of Mr. Clark's prior discipline, we depart from the Disciplinary Board's recommendation of a 20-day suspension and suspend Del H. Clark from the practice of law for 60 days.

Mr. Clark was admitted to practice law in this state in 1972. We know nothing about his background, for possible mitigation consideration, as he did not file a brief in this matter or appear before us for oral argument. His bar association files, although sketchy, are before us as exhibits in this proceeding and disclose the following:

1. On December 7, 1974, Mr. Clark received a letter of admonishment regarding his lack of cooperation in the investigation of a complaint filed by a client, Mrs. Jack MacKenzie. The letter stated in part as follows:

> While the Disciplinary Board has decided not to take further action on the fees charged [Mrs. MacKenzie's complaint], the Board is deeply concerned over your lack of cooperation with the Local Administrative Committee. Your attention is directed to Rule 2.6 of the Rules for Discipline of Attorneys. . . . Such conduct tends to undermine the confidence in the legal profession and your cooperation in insuring that such situations will not be permitted to occur again is required.

This letter of admonishment was introduced to show that Mr. Clark knew of his duty to cooperate and thus his failure to later comply with that duty was willful.

2. On January 21, 1977, Mr. Clark received a reprimand as a result of a complaint by a Mr. Brinkman. Mr. Clark stipulated to the receipt of the reprimand and admitted he neglected a legal matter in failing to perfect that client's appeal.

3. On March 8, 1979, Mr. Clark received a letter of censure as a result of neglecting a legal matter for a Mr. Gulermovich. Mr. Clark also stipulated to this discipline and admitted that his client had a valid and meritorious defense to an action. Mr. Clark agreed that he had failed to answer or defend the matter on behalf of his client resulting in a default judgment against the client.

On December 10, 1980, as a result of a complaint by a Mr. Lopez, a letter was sent to Mr. Clark enclosing the complaint and requesting a written response. What followed thereafter is the course of conduct, or rather lack thereof, which gave rise to the present disciplinary action. The course of events is carefully laid out in the unchallenged findings of fact made by a hearing panel officer (HPO) after a hearing on June 10, 1982, at which Mr. Clark was present. Those findings are:

1.1 The Bar Association sent Mr. Clark a letter dated December 10, 1980, asking for his response to a complaint filed by Salvador E. Lopez. Mr. Lopez had been a client of Mr. Clark's. Mr. Clark states that he did not receive this letter.

1.2 The Bar Association sent Mr. Clark a second letter on March 23, 1981, requesting Mr. Clark's response to the Lopez complaint. The letter indicated that a subpoena would be served within ten days if no response had been received. Mr. Clark received this letter.

1.3 On April 3, 1981, Mr. Clark wrote to the Bar Association indicating that he had not received the Lopez complaint. The Bar Association responded on April 29, 1981, and sent Mr. Clark the material making up the Lopez complaint. Mr. Clark received the April letter from the Bar Association but did not respond.

1.4 A follow-up letter was sent by the Bar Association on June 1, 1981, requesting that Mr. Clark provide a written response to the Lopez complaint. That letter also indicated that a subpoena would be served on Mr. Clark if he did not respond within ten days. Mr. Clark received this letter but he did not respond.

1.5 On July 8, 1981, bar counsel issued a subpoena for Mr. Clark to appear at a deposition scheduled on July 30, 1981. Mr. Clark was served with this subpoena on July

13, 1981.

1.6 In lieu of that deposition, a meeting between state bar counsel and Mr. Clark was held on July 31, 1981. Mr. Clark presented bar counsel with a written response and was asked to provide additional information in connection with the investigation of the Lopez complaint. At that meeting, Mr. Clark agreed to send the additional information to bar counsel. Mr. Clark failed to provide that material to the bar office.

1.7 The Bar Association sent Mr. Clark a letter on September 11, 1981, requesting that he forward the material that had been discussed at the July, 1981, meeting. The letter also indicated that a subpoena would be forthcoming if no response was received. Mr. Clark received that letter and did not respond.

1.8 Bar counsel issued a second subpoena on September 25, 1981, scheduling another deposition for October 19, 1981. Mr. Clark received this subpoena at his house on October 3, 1981.

1.9 Mr. Clark's wife called the Bar Association at his request on October 16, 1981, and indicated that Mr. Clark would be unable to appear at the October 19, 1981, deposition. A member of the bar staff granted a continuance for the deposition until October 22, 1981. On October 22, 1981, Mrs. Clark appeared at the offices of the Bar Association with written documents and a letter from Mr. Clark. Mr. Clark did not himself appear.

1.10 Bar counsel advised Mrs. Clark at the meeting of October 22, 1981, that Mr. Clark should appear at the Bar Association offices within the next few days. Bar counsel sent a follow-up letter to Mr. Clark indicating that his appearance was expected at the Bar Association. Mr. Clark received that letter and did appear to speak to bar counsel on October 26, 1981.

1.11 Mr. Clark was aware of the duties of cooperation with a bar investigation imposed by DRA 2.6 having received a letter of admonition regarding those duties on December 7, 1974.

Mr. Clark has filed no objections to these findings either before the Disciplinary Board or before this court and the transcript of the hearing clearly supports them.

From these findings of fact, the HPO concluded that in failing to timely provide bar counsel with the requested

material for the investigation of the Lopez complaint, Mr. Clark violated DRA 1.1(j) in that he willfully violated DRA 2.6. The HPO also concluded that in failing to appear for the scheduled deposition, Mr. Clark violated DRA 1.1(j) in that he willfully disregarded a subpoena issued by bar counsel. The findings of fact support these conclusions.

■ Pursuant to the Discipline Rules for Attorneys complaints are to be investigated to determine whether the rules of professional conduct have been violated. If it is determined that such violations have occurred, a formal complaint is prepared and filed. During the investigation, bar counsel, if deemed necessary, may issue a subpoena requiring the attorney to appear at a deposition and produce documents. DRA 2.5(b)(2). Pursuant to DRA 2.6 an attorney has certain responsibilities during this entire process. Those responsibilities are:

It shall be the duty and the obligation of an attorney who is the subject of a disciplinary investigation to cooperate with the Local Administrative Committee, State Bar Counsel or bar staff as requested, subject only to the proper exercise of his privilege against self–incrimination where applicable, by:

(a) Furnishing any papers or documents;

(b) Furnishing in writing a full and complete explanation covering the matter contained in such complaint; and

(c) Appearing before the Committee at the time and place designated.

An attorney is subject to disciplinary sanctions if he willfully disregards a subpoena issued by bar counsel or willfully violates DRA 2.6. DRA 1.1(j).

There can be no question that Mr. Clark violated DRA 2.6 and DRA 1.1(j). He failed to cooperate with the bar counsel as requested. He responded to the client's complaint only after receiving numerous letters and being served with a subpoena. Thereafter he continued to ignore requests for information which resulted in a second subpoena being issued. Even then, he failed to appear at the time and place designated and sent his wife in his stead.

Accordingly, Mr. Clark is subject to disciplinary sanction. The only question is the appropriate sanction.

Washington is one of 29 states with an integrated bar. All lawyers of the state must be members of the Washington State Bar Association. Conformity to that organization's rules is a condition for practicing law. It is unquestioned that

> The practice of law in this state is a privilege, conditioned upon the observance and performance of specific professional standards. The conditions are known to each practitioner and are found in the Rules for Admission to Practice the profession, the disciplinary rules, the Canons of Professional Ethics, the statutes, and the oath. When a practitioner knowingly violates the conditions of the privilege to practice the profession, [disciplinary sanctions are imposed].

*In re Case*, 59 Wn.2d 181, 184, 367 P.2d 121 (1961). Thus, compliance with DRA 2.6 and 1.1(j) is a condition of every lawyer's practice in this state.

Compliance with these rules is vital. The practice of law has been a profession of the highest order since its inception and it must continue to be so. Internal investigation and self–discipline are at the very heart of a profession, as distinguished from a trade or business. The bar association's investigation of a complaint is an integral part of the machinery for handling charges regarding the ethics and conduct of the attorneys admitted to practice before this court. Public confidence in the legal profession, and the deterrence of misconduct, require prompt, complete investigations. The process of investigating complaints depends to a great extent upon an individual attorney's cooperation. Without that cooperation, the bar association is deprived of information necessary to determine whether the lawyer should continue to be certified to the public as fit. Obviously, unless attorneys cooperate in the process, the system fails and public confidence in the legal profession is undermined. If the members of our profession do not take the process of internal discipline seriously, we cannot expect the public to do so and the very basis of our professional-

ism erodes. Accordingly, an attorney who disregards his professional duty to cooperate with the bar association must be subject to severe sanctions. Moreover, unless noncooperation brings such sanctions, attorneys who are guilty of unprofessional conduct might be tempted to stonewall to prevent serious violations coming to light.

The Disciplinary Board recommended that Mr. Clark be suspended for 20 days. Although we give great weight to the Board's recommendation, we are the sole arbiters of the ultimate discipline to be meted out to members of the bar. The discipline we impose is to implement the basic purposes of attorney discipline: protection of the public and preservation of confidence in the legal profession. *In re Smith*, 83 Wn.2d 659, 521 P.2d 212 (1974). The sanction which furthers these purposes depends on the facts and circumstances of each case. *In re Kumbera*, 91 Wn.2d 401, 588 P.2d 1167 (1979).

Initially, we find the fact that the underlying complaint filed by Mr. Lopez was dismissed is of no consequence. The gravamen of Mr. Clark's misconduct was preventing the bar association from investigating the complaint and making that determination in a timely manner. Mr. Clark's failure to cooperate with an investigation over a period of months is not an isolated lapse of judgment. Rather, it indicates a consistent and deliberate course of action. Superimpose this on Mr. Clark's previously established record of unprofessional conduct, including two disciplines for neglect of legal matters, and the conclusion to be drawn is that Mr. Clark has established a serious pattern of neglecting his professional duties. Since a letter of admonishment, a censure and a reprimand have failed to prevail those duties upon him, more severe action must be taken to impress upon Mr. Clark the seriousness of his continued pattern of neglect. We are of the opinion that under the facts and circumstances of this case a significant suspension is warranted.

Therefore, we order that Del H. Clark be suspended from

the practice of law for 60 days from the date of filing this opinion. Costs of $213.58 are approved.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, BRACHTENBACH, DOLLIVER, DORE, and PEARSON, JJ., concur.

UTTER, J.—I would prefer to see 30 days of the 60–day suspension suspended. Otherwise, I concur.