Original
No. LD-92-008

CLARK'S CASE

December 18, 1992

*Braiterman Law Offices*, of Concord (*David J. Braiterman* on the brief and orally), for the committee on professional conduct.

*Grenville Clark III*, by brief and orally, *pro se*.

MEMORANDUM OPINION

BATCHELDER, J.    The committee on professional conduct (the committee) has petitioned this court to publicly censure the respondent, Grenville Clark III, for his admitted failure to cooperate with the committee. The committee also seeks reimbursement for its costs and attorney's fees. The sole issue to be decided on appeal is the appropriate sanction for the respondent's failure to respond in a timely manner to a complaint filed with the committee.

Less than six months before committing the offense now before us, the respondent received a letter of private reprimand for

identical misconduct. As a threshold matter, we must determine whether the private reprimand should remain confidential, or whether we may consider it here in determining the appropriate sanction. Supreme Court Rule 37(17)(a)(1) provides that confidentiality is waived "[w]hen the prosecution of formal charges is initiated by the filing of a petition with [this court]." Although the petition now before us concerns the respondent's most recent failure to cooperate with the committee, rather than the conduct that was the focus of the prior reprimand, the rule permits disclosure of "[a]ll records and proceedings involving allegations of misconduct." SUP. CT. R. 37(17)(a). We conclude that we may publicly consider the respondent's prior misconduct.

The importance of ensuring cooperation with the committee has been expressed in clear terms by the Washington Supreme Court:

> "Internal investigation and self-discipline are at the very heart of a profession, as distinguished from a trade or business. The Bar Association's investigation of a complaint is an integral part of the machinery for handling charges regarding the ethics and conduct of the attorneys admitted to practice before this court. Public confidence in the legal profession, and the deterrence of misconduct, require prompt, complete investigations. The process of investigating complaints depends to a great extent upon an individual attorney's cooperation. Without that cooperation, the Bar Association is deprived of information necessary to determine whether the lawyer should continue to be certified to the public as fit. Obviously, unless attorneys cooperate in the process, the system fails and public confidence in the legal profession is undermined. If the members of our profession do not take the process of internal discipline seriously, we cannot expect the public to do so and the very basis of our professionalism erodes."

*In re Clark*, 99 Wash. 2d 702, 707–08, 663 P.2d 1339, 1341–42 (1983).

The respondent contends that a private reprimand is the appropriate sanction for his misconduct. He argues that public censure is too harsh and should be reserved for violations of the rules of professional conduct that affect the public directly. We have previously noted, however, that the purpose of the court's disciplinary power is not only to protect the public, but also to "maintain public confidence in the bar, and preserve the integrity of the legal profession." *Kalled's Case*, 135 N.H. 557, 560, 607 A.2d 613, 616 (1992)

(quotation omitted). A public reprimand of the respondent's conduct would preserve the integrity of procedural rules established to control the bar's self-regulatory processes.

We are likewise unpersuaded by the respondent's argument that his failure to appropriately respond to the committee was somehow excused by "the unusual press of other matters in his schedule at the time the Committee requested a response to the complaint." Although we are sensitive to the pressures that a busy schedule may impose, we cannot condone the respondent's chosen course of action. Nothing should take higher priority than resolving an allegation of misconduct with the committee. Moreover, even a harried practitioner has sufficient time to contact the committee and request an extension of time in which to respond to a complaint.

■ Public censure is "generally appropriate when a lawyer . . . has received [a private reprimand] for the same or similar misconduct and engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession." LAWS. MAN. ON PROF. CONDUCT (ABA/BNA) 01:838 (June 17, 1992). At some point, a respondent's repeated disregard of the duty to cooperate with the committee must be made public, both to correct the misconduct that private discipline seems insufficient to deter and to ensure that the committee obtains the information that it requires to investigate disciplinary matters. We conclude that the respondent's misconduct has reached that point.

■ A profession whose reason for being is, in a large part, the resolution of all manner of disputes within the society which it serves, will be ill equipped to that task if it cannot with fairness and dispatch resolve disputes within its own ranks. The respondent's conduct in this case is an impediment to such an objective. Consequently, we publicly censure the respondent for failing to respond in a timely manner to the committee's requests. Additionally, we order him to reimburse the committee for its costs and attorney's fees incurred in pursuing this matter. *See* SUP. CT. R. 37(16).

*So ordered.*

All concurred.